UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:23-CV-00122-JHM**

**HENRY EARL JONES**                                                                                           **PLAINTIFF**

**v.**

**WARREN COUNTY REGIONAL JAIL,** *et al.*                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Henry Earl Jones filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow some claims to proceed.

**I.**

Plaintiff is a pretrial detainee currently housed at the Warren County Regional Jail ("WCRJ"). He alleges that the following Defendants were deliberately indifferent to his medical needs in violation of the Fifth, Eighth, and Fourteenth Amendments: WCRJ, Comprehensive Correctional Care ("CCC"), and Jailer Stephen Harman and Nurse Nora Jones in their individual and official capacities.

Plaintiff alleges that on May 9, 2023, when he arrived at the WCRJ he was wearing a brace for his fingers and a sling. Plaintiff represents that he had recently received a tendon transfer to his right hand and due to the nerve damage, the finger brace was molded to his hand to aid in healing and to help with his daily activities. Plaintiff states that despite repeated requests, Defendants have refused to give him his brace. Plaintiff seeks monetary damages and injunctive

relief of "sending me to a hand specialist to correct this" and "getting a brace molded to fit." [DN 1 at 5].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. WCRJ

WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers or jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Warren County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant WCRJ as a claim brought against Warren County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

#### B. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus,

Plaintiff's official-capacity claims against Defendants Jailer Harman or Nurse Jones are actually against their employer, Warren County or CCC respectively.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality such as Warren County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

This standard also applies to a private medical provider, such as Comprehensive Correctional Care, which contracts with a jail to provide medical services to inmates. *See, e.g.*, *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity ... that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function.") (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)). Thus, liability of CCC must be based on a policy or custom of the entity as well.

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged constitutional violation. Accordingly, the Court will dismiss the claim against CCC, WCRJ, and Defendants Harmon and Jones in their official capacity for failure to state a claim upon which relief may be granted.

### C. Individual Liability Claims

#### 1. Jailer Harman

To the extent Plaintiff seeks to hold Defendant Harman liable based on his supervisory authority as jailer, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Owens v. Williams*, No. 5:23-CV-P127-JHM, 2024 WL 102995, at *3 (W.D. Ky. Jan. 9, 2024).

Plaintiff makes no allegations of personal involvement in the alleged events by Defendant. Therefore, the individual-capacity claim against Defendant Harman will be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Nurse Jones*

<u>The Court will allow Plaintiff's Fourteenth Amendment claim of deliberate indifference to his serious medical needs to continue against Defendant Nurse Jones in her individual capacity.</u>

### IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's claims against the WCRJ, Jailer Harman in his individual and official capacity, and CCC are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Since no claims remain against them, the Clerk of Court is **DIRECTED** to terminate these Defendants as parties to the action.

(2) Plaintiff's official-capacity claim against Nurse Nora Jones is also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) The Court will enter a separate Service and Scheduling Order to govern the development of the claim it has allowed to proceed.

Date: February 2, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014